UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELIAS RODRIGUEZ, also known as ENKI
RODRIGUEZ,

Plaintiff,

-against-

DORIS MORALES,

Defendant.

1:25-CV-1968 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff Elias Rodriguez, also known as Enki Rodriguez and as Enki Rodriguez-Morales, who is appearing *pro se*, brings this action invoking both the court's federal question and diversity jurisdictions. He sues Doris Morales, who, like him, is alleged to be a citizen of the State of New York, but, unlike him, now lives in San Juan, Puerto Rico. (ECF 1, at 2-3, 5.) Plaintiff alleges that Morales's principal place of business is "law enforcement" within the State of New York, and that Morales is a "bruja" (Spanish for "witch"), a "scam artist," and an "identity fraudster." (*Id.* at 3, 4.) Plaintiff seems to claim that Morales violated his federal constitutional rights. (*See id.* at 2). He seeks as relief what appears to be the eviction of Morales from his house, which the complaint suggests may be located in San Juan, Puerto Rico.

By order dated March 13, 2025, the court granted Plaintiff leave to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure ("Rule 8"), which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id*. But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 679.

**BACKGROUND**

The following allegations are drawn from the complaint[1]: The events that are the basis for Plaintiff's claims occurred within the State of New York, beginning in 1991 and continuing to the present—occurring throughout Plaintiff's "existence." (ECF 1, at 5.) Morales, who is known by many other names, "[c]ommitted several acts of violence. She also committed [i]dentity [f]raud to avoid conviction." (*Id.*) Morales was "[f]ederal[ly] [c]harged in the [t]he State of New York and fled to San Juan, Puerto Rico[,] where she lives in a house that was obtain[ed] by her and her husband with [m]ortgage [f]raud." (*Id.*)

Plaintiff accuses Morales of stealing his house, which may be located in San Juan, Puerto Rico, and of causing him to become homeless. (*Id.* at 6.) Plaintiff asks the Court to order Morales's eviction from that house.

**DISCUSSION**

**A.    Private prosecution**

To the extent that Plaintiff seeks the criminal prosecution of Morales, the Court must dismiss such claims. Plaintiff cannot initiate a criminal prosecution in this court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981). Neither Plaintiff nor the Court can direct prosecutors to initiate a criminal proceeding against anyone because prosecutors possess discretionary authority to bring criminal actions and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, because Plaintiff lacks standing to cause the federal criminal prosecution of others, *see Linda R.S. v. Richard D.*,

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the complaint unless noted otherwise.

3

410 U.S. 614, 618-19 (1973), the Court dismisses, for lack of subject matter jurisdiction, any claims in which Plaintiff seeks the federal criminal prosecution of anyone, including Morales, *see* Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[ ] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [his] claim." (internal quotation marks and citation omitted)).

**B.      Plaintiff's claims of constitutional violations**

Plaintiff seems to assert that Morales has violated his federal constitutional rights. (*See* ECF 1, at 2.) The Court construes such claims as brought under 42 U.S.C. § 1983. A claim for relief under Section 1983 must allege facts showing that the defendant acted under the color of a state "statute, ordinance, regulation, custom, or usage." 42 U.S.C. § 1983. Thus, to state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988); *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) ("State action [for the purpose of Section 1983 liability] requires *both* . . . the exercise of some right or privilege created by the State . . . *and* the involvement of a person who may fairly be said to be a state actor." (internal quotation marks and citation omitted)). Private individuals are not generally considered to be state actors. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties. . . ." (internal quotation marks and citations omitted)).

"The traditional definition of acting under color of state law requires that the defendant . . . exercise[] power 'possessed by virtue of state law and made possible only because . . . [she] is clothed with the authority of state law.'" *West*, 487 U.S. at 49 (citation omitted). But public

employment "does not automatically mean that a defendant's actions are taken under the color of state law." *Kern v. City of Rochester*, 93 F.3d 38, 43 (2d Cir. 1996). "[A] defendant in a [Section] 1983 suit acts under color of state law when [s]he abuses the position given to [her] by the State." *West*, 487 U.S. at 49-50. Yet "[i]t is 'axiomatic . . . that acts of officers in the ambit of their personal pursuits are plainly excluded'" from the definition of state action for Section 1983 purposes. *Monsky v. Moraghan*, 127 F.3d 243, 245 (2d Cir. 1997) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547-48 (2d Cir. 1994)). "[T]here is no bright line test for distinguishing 'personal pursuits' from activities taken under color of law." *Pitchell*, 13 F.3d at 548. Rather, courts "look to 'the nature of the officer's act' to determine whether [s]he acted under color of state law, not just [her] 'status' of being on or off official duty." *Burns v. City of Utica*, 590 F. App'x 44, 50 (2d Cir. 2014) (summary order) (quoting *Pitchell*, 13 F.3d at 548).

While Plaintiff describes Morales's principal place of business as "law enforcement" within the State of New York (ECF 1, at 3), he does not specify the nature of Morales's business or employment.[2] Even if Plaintiff did allege facts sufficient to show that Morales was employed by a State or municipality, he has not alleged facts sufficient to show that Morales's alleged actions were committed while under the color of state law, as opposed to being purely personal pursuits. Indeed, Plaintiff seems to allege that Morales stole Plaintiff's house, which may be located in San Juan, Puerto Rico, via mortgage fraud, and that Morales now lives there with her husband. These alleged actions are purely personal pursuits that are not actionable under Section

---

[2] Plaintiff lists as Morales's employment address the address of the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, New York, New York, where this court is located. (ECF 1, at 4.) Plaintiff's complaint is a form complaint; in its list of defendants, where the address for a non-existent "Defendant 2" is listed, Plaintiff lists the employment address for non-existent "Defendant 2" as One Police Plaza in Manhattan, which is the headquarters for the New York City Police Department.

1983. *See Combier v. Portelos*, 788 F. App'x 774, 777 (2d Cir. 2019) (summary order) ("A defendant's employment status is not dispositive; rather, a tort committed by a public employee is under color of state law only if it is 'committed in the performance of an actual or pretended duty.' Otherwise, it falls 'in the ambit of his personal pursuits' and, though it may be a tort, is not actionable under [Section] 1983." (quoting *Bonsignore v. City of New York*, 683 F.2d 635, 639 (2d Cir. 1982)); *cf. Druz v. Boro of Manasquan*, No. 05-CV-4088, 2006 WL 1098029, at *7 (D.N.J. Apr. 3, 2006) ("It is clear that the two alleged incidents where Druz claims that Harriman trespassed onto his property were utterly unrelated to his duties as Fire Chief of the neighboring town and represented purely private conduct that was in no way conducted under the color of state law."); *Carero-Tate v. City of Knoxville*, No. 3:03-CV-0214, 2005 WL 8162572, at *2 (E.D. Tenn. Apr. 5, 2005) (holding that the defendants, who were municipal employees, did not act as state actors with regard to claims arising from their sale of personally owned real estate to the plaintiff). Accordingly, because Plaintiff does not allege facts showing that Morales acted as a state actor when she allegedly violated his constitutional rights, the Court dismisses Plaintiff's claims under Section 1983 for failure to state a claim on which relief may be granted.[3] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[3] To the extent that Plaintiff asserts that Morales violated his federal constitutional right to procedural due process when she allegedly took possession of his real property, Plaintiff still cannot state a claim under Section 1983, even if he could show that she did so under the color of state law. A state actor's random and unauthorized act does not violate a person's right to procedural due process if a meaningful state law postdeprivation remedy is available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1986). Plaintiff alleges nothing to suggest that such remedies, under the laws of either the State of New York or of the Commonwealth of Puerto Rico, are unavailable or inadequate, or that he even sought any such remedies to contest Morales's acts. Thus, the Court additionally dismisses such claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Vialez v. N.Y.C. Hous. Auth.*, 783 F. Supp. 109, 113-14 (S.D.N.Y. 1991) (Grubin, M.J.) ("[I]f a plaintiff had an opportunity to contest a defendant's actions but failed to do so, there can be no claim for violation of his or her procedural due process rights under 42 U.S.C. § 1983. . . . [W]here a plaintiff alleges deprivation

**C.    Claims under state law**

Plaintiff invokes both the court's federal question and diversity jurisdiction. (ECF 1, at 2.) The Court construes Plaintiff's complaint as alternatively asserting claims under state or commonwealth law (collectively referred hereafter as "state law") under the court's original diversity jurisdiction and under its supplemental jurisdiction. For the reasons set forth below, the Court will not consider such claims on their merits.

**1.    Diversity jurisdiction**

To establish original diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that he and the defendant are citizens of different states. 28 U.S.C. § 1332(a)(1); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity purposes, an individual is a citizen of the State where he or she is domiciled, which is defined as the place where the individual "has his [or her] true fixed home . . . and to which, whenever he [or she] is absent, he [or she] has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.* In addition, to show diversity jurisdiction, a plaintiff must also allege, to a "reasonable probability," that the claims under state law are in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff does not plead facts sufficient to show that the court has original diversity jurisdiction over his claims under state law. Because Plaintiff alleges that both he and Morales

---

of property in violation of the due process clause, the federal court's initial inquiry must be whether the state has provided adequate remedies to redress such unlawful acts. If so, there will be no claim before the federal court, whether or not the plaintiff took advantage of the state procedure.").

are citizens of the State of New York, the parties are not diverse for the purpose of diversity jurisdiction. In addition, he alleges nothing to suggest that his claims under state law are in excess of the sum or value of $75,000.00. Thus, to the extent that Plaintiff asserts claims under state law under the court's diversity jurisdiction, the Court dismisses those claims for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

### 2. Supplemental jurisdiction

A federal district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed all the claims over which the Court has original subject matter jurisdiction, the Court additionally declines to exercise its supplemental jurisdiction over any state law claims that Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of [Section] 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

### D. Leave to amend is denied

Federal district courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

E.      **Warning**

This is not the first time that this court has dismissed as frivolous or as otherwise non-meritorious—and did so *sua sponte*—a civil action brought by Plaintiff *pro se*. *See Rodriguez v. United States Postal Service of Am.*, ECF 1:25-CV-1967, 6 (S.D.N.Y. July 29, 2025); *Rodriguez-Morales v. Comm'r of Soc. Sec.*, No. 1:24-CV-9766 (LTS), 2025 WL 2051196 (S.D.N.Y. July 22, 2025) (warning Plaintiff that, "should he continue to file substantially similar complaints to the complaints filed in the instant action, the consolidated action, and the 24-CV-4778 action, or continue the practice of filing numerous cases that are substantively duplicative, the Court may issue an order barring Plaintiff from filing new [civil] actions [in this court] IFP, unless he receives prior permission"); *Rodriguez-Morales v. Comm'r of Soc. Sec.*, ECF 1:24-CV-9766, 8 (S.D.N.Y. July 22, 2025) (same warning); *In re: Rodriguez-Morales*, ECF 1:24-CV-9767, 7 (S.D.N.Y. Jan. 29, 2025) (consolidating 37 civil actions brought by Plaintiff *pro se* and dismissing them with leave to replead in only one action; dismissed for the reasons articulated in that order, ECF 1:24-CV-9767, 10); *Morales v. Whole Entire N.Y. Police Dep't*, No. 1:24-CV-4778 (LTS), 2024 WL 4635342 (S.D.N.Y. Oct. 25, 2024) (order of dismissal with leave to replead; dismissed for the reasons articulated in that order, ECF 1:24-CV-4778, 7, 8).

In light of Plaintiff's abovementioned litigation history in this court, the Court warns Plaintiff that, if he brings *any* future frivolous or otherwise nonmeritorious action in this court, the court may issue an order directing him to show cause why the court should not bar him from filing *any* future civil action in this court IFP unless he receives leave from the court to file. *See* 28 U.S.C. § 1651; *Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements).

**CONCLUSION**

The Court dismisses this action for the reasons set forth in this order. Thus, the Court dismisses, for lack of subject matter jurisdiction, any claims in which Plaintiff seeks the federal criminal prosecution of Morales. *See* Fed. R. Civ. P. 12(h)(3). The Court also dismisses Plaintiff's claims under 42 U.S.C. § 1983 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). To the extent that Plaintiff asserts claims under state law under the court's diversity jurisdiction, the Court dismisses those claims for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Court additionally declines to exercise its supplemental jurisdiction over any claims under state law that Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated:   June 10, 2026
         New York, New York

                                            _Louis L. Stanton_
                                            Louis L. Stanton
                                            U.S.D.J.

10